# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOHAMMED ISRAIL, SHAMIMA NASRIN, NASIMA PERFUME INC., and IRAM SHAHZED<br><br>Plaintiffs,<br><br>v.<br><br>FAISAL ISRAIL, NASIMA PERFUME NYC INC., JOHN DOE 1-10, and NASIMA HOLDING INC.<br><br>Defendants. | DOCKET NO.: 23-21690<br><br>CIVIL ACTION<br><br>**COMPLAINT** |

Plaintiffs, Mohammed Israil, Shamima Nasrin, and Nasima Perfume Inc. (collectively, "Plaintiffs"), by way of Complaint against Defendants Faisal Israil, Nasima Perfume NYC Inc., and Nasima Holding Inc. (collectively, "Defendants"), alleges as follows:

## NATURE OF THE SUIT

1. Plaintiff Nasima Perfume Inc.'s ("Nasima") claims against defendants involve intellectual property theft – more particularly "domain name theft" or "domain name hijacking." To recover its valuable intellectual property, Nasima asserts claims against Defendant Faisal Israil under the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d)(1)(A), arising from the unauthorized transfer and theft of the nasimaperfume.com domain name.

2. Nasima seeks, *inter alia*, injunctive relief and financial damages resulting from the unauthorized transfer of Nasima's domain name from Nasima.

## **PARTIES**

3. Mohammed Israil resides at 4 Colton Road, Edison, NJ. He is the sole owner of Nasima Perfume Inc. ("Nasima"), is married to Shamima Nasrin, and is Defendant Faisal Israil's cousin.

4. Shamima Nasrin resides at 4 Colton Road, Edison, NJ.

5. Nasima Perfume Inc. ("Nasima") is a New York Corporation located at 53 W. 28th Street, New York, NY.

6. Iram Shahzed is Mohammed's cousin and owns 5% of 4 Colton Road, Edison, NJ.

7. Defendant Faisal Israil resides at 4 Colton Road, Edison, NJ. Upon information and belief, he is the sole owner of Nasima Perfume NYC Inc. ("NPNYC") and the party ultimately responsible for the unauthorized use and transfer of nasimaperfume.com from Nasima.

8. Defendant NPNYC is a New York Corporation.

9. Defendant Nasima Holding Inc. ("NHI") is the owner of record of 1474 Main Street, Rahway, NJ. Upon information and belief, Defendant Faisal Israil is the sole owner of NHI.

10. Upon information and belief, NASIMAPERFUME.COM is a website operated by Defendant Faisal Israil. The site purports to be owned by Plaintiff Nasima Perfume Inc., lists the physical location of Nasima Perfume Inc. (53 W. 28th Street, New York, NY), and lists products actually sold by Nasima Perfume Inc. However, the phone number listed on the website belongs to Defendant Faisal Israil and no plaintiff has access

to the site or its attendant email addresses. Per the WHOIS database, this domain name was first registered in November 2015.

## JURISDICTION AND VENUE

11. This action arises under the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d).

12. This Court has original jurisdiction under 15 U.S.C. §1125(a) and 28 U.S.C. §§ 1331 and 1338(a).

13. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events giving rise to claims occurred in this district.

## FACTS COMMON TO ALL CLAIMS

14. Mohammed and Shamima own 50% of 4 Colton Road, Edison, NJ.

15. Faisal owns 45% of 4 Colton Road, Edison, NJ.

16. Iram Shahzed is Mohammed's cousin and resides in New Jersey.

17. Faisal is Mohammed's first cousin, has housed and cared for Faisal since 2003, involved Faisal in his businesses, and relied upon and trusted Faisal with the management of family finances and funds. Due to his stronger grasp of English

18. Nasima is a perfume wholesaler/ retailer, has been in continuous operation since 2003, and has maintained an online presence since at least 2015, when its eponymous website and domain name "Nasimaperfume.com" was registered, per the WHOIS database.

19. On behalf of Nasima, Faisal created an Amazon store to sell perfumes directly to consumers in early 2018.  All revenues from the Amazon sales were originally deposited in Nasima's bank accounts.

20. In early 2018, Defendant Faisal established Nasima Perfume NYC Inc. ("NPNYC"), a name that differs from Nasima only through the inclusion of "NYC". Faisal subsequently opened a corporate bank account for NPNYC and transferred all Amazon revenue (the "Amazon Proceeds") earned by Nasima to that account. Neither Mohammed nor Nasima ever consented to such transfer, nor did they agree to allow Faisal and NPNYC to retain or use the Amazon Proceeds.

21. Orders received through the Amazon storefront were fulfilled by Nasima but the proceeds of sale were deposited into an account or accounts owned or controlled by Faisal and NPNYC.

22. Upon information and belief, Defendants Faisal and NPNYC diverted and converted hundreds of thousands of dollars in Amazon Proceeds that rightfully belonged to Nasima.

23. Defendants Faisal and NPNYC never paid Nasima for the perfumes they received the Amazon Proceeds for and were unjustly enriched.

24. Defendant Faisal used the Amazon Proceeds he unlawfully converted and retained to pay his portion of the mortgage and expenses of 4 Colton Road, Edison, NJ.

25. Plaintiff Shamima Nasrin forwarded at least $129,000 to Defendants Faisal and Nasima Holding Inc. for the purchase of 1474 Main Street, Rahway, NJ as an investment. Defendant Faisal told Plaintiff Shamima that she was a partner and majority owner of 1474 Main Street because she provided the vast majority of the funds used to purchase the property. Though Plaintiff Shamima has repeatedly demanded an accounting of the rental income from 1474 Main Street, Defendants Faisal and Nasima Holdings have failed to provide same.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT

26. Plaintiffs repeat and reallege their previous allegations as though fully set forth at length herein.

27. Nasima's name and marks are distinctive and were distinctive prior to the time Defendants Faisal and/or John Doe 1-10 transferred the domain name "Nasimaperfume.com" away from Nasim without authorization and unlawfully registered the domain name.

28. The aforesaid acts by Defendant Faisal and John Doe 1-10 constitute registration, trafficking, and/or use of domain names that are identical to nasimaperfume.com marks with bad faith intent to profit therefrom. Indeed, Defendant Faisal's phone number remains listed on the nasimaperfume.com website, even though the website also lists Nasima's physical address.

29. The aforesaid acts constitute unlawful cyberpiracy in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d)(1), have caused and are causing great and irreparable harm to Nasima and the public.

30. Upon information and belief, Defendants Faisal and NPNYC are fraudulently using the nasimaperfume.com website to misrepresent that they comply with Amazon's demands that its online sellers have a physical address and proof of ownership of the products sold on Amazon. Discovery shall provide evidence of Defendants' fraudulent activities that have detrimentally harmed Plaintiffs, their business, and their reputations.

WHEREFORE, Plaintiffs demand judgment ordering the transfer of the Nasimaperfume.com domain name to Nasima Perfume Inc., damages to be determined pursuant to discovery and trial, costs of suit, and other such relief as the court may deem just and proper.

## SECOND CLAIM FOR RELIEF

### CONVERSION

31. Plaintiffs repeat and reallege their previous allegations as though fully set forth at length herein.

32. Defendants Faisal and NPNYC have willfully and/or negligently deprived Plaintiffs Mohammed and Nasima of the Amazon Proceeds earned from Nasima's storefront in an amount to be determined at trial. Plaintiff Mohammed has repeatedly demanded the return of all Amazon Proceeds from Defendant Faisal but his demand has never been complied with.

33. Defendant Faisal has moreover deprived Plaintiffs Mohammed and Nasima of proceeds rightfully due to them from the Nasimaperfume.com website that was initially registered for Nasima but now lists Defendant Faisal's telephone number as the contact number for sales. The extent of deprivation of income that should rightfully have been earned by Plaintiff Nasima shall be determined through discovery.

34. Defendants Faisal and Nasima Holding Inc. have converted rental income and property ownership rightfully due to Plaintiff Shamima Nasrin. Defendant Faisal received funds from Plaintiff Shamima through intentional and/or negligent misrepresentation of the terms of Plaintiff Shamima's investment into Nasima Holding Inc. Plaintiff Shamima has demanded her shares in Nasima Holding but her demand has never

been complied with. The monies due to Plaintiff Shamima but unlawfully converted by Defendants Faisal and Nasima Holding shall be determined through discovery.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory damages to be determined during discovery, punitive damages, cost of suit, and other such relief as the Court may deem just and proper.

## THIRD CLAIM FOR RELIEF

### FRAUD

35. Plaintiffs repeat and reallege their previous allegations as though fully set forth at length herein.

36. Defendant Faisal fraudulently induced Plaintiff Shamima to invest her monies into Nasima Holding by telling Plaintiff Shamima that she would be the majority owner of Nasima Holding, which would itself wholly own the property located at 1474 Main Street, Rahway, NJ (the "Rahway Property").

37. Defendant Faisal moreover promised Plaintiff Shamima that she would receive the rental income earned from the Rahway Property.

38. In detrimental reliance upon Defendant Faisal's fraudulent statements, Plaintiff Shamima invested at least $129,000 towards Nasima Holding's purchase of the Rahway Property.

39. Plaintiff Shamima never received written verification of her ownership in Nasima Holding or the Rahway Property. She likewise never received any rental payments or any accounting of the funds earned by Nasima Holding.

WHEREFORE, Plaintiffs demand judgment against Defendants Faisal and Nasima Holding in a sum to be determined through discovery, punitive damages, costs, attorneys' fees, and such other relief as the Court may deem just and equitable.

## FOURTH CLAIM FOR RELIEF

### PARTITION

40. Plaintiffs repeat and reallege their previous allegations as though fully set forth at length herein.

41. Plaintiffs Mohammed, Shamima, and Iram are co-owners with Defendant Faisal of 4 Colton Rd, Edison, NJ (the "Edison Home"), a residential property.

42. Upon information and belief, Defendant Faisal has used the unlawfully retained Amazon Proceeds to pay his portion of the mortgage and maintenance of the Edison Home.

43. Due to Defendant Faisal's actions against Plaintiffs, the parties cannot remain co-owners of the Edison Home.

WHEREFORE, Plaintifs demand judgment mandating the partition and sale of 4 Colton Court, Edison, New Jersey, court costs, attorney fees, and such other relief as the Court may deem just and proper.

## FIFTH CLAIM FOR RELIEF

### UNJUST ENRICHMENT

44. Plaintiff repeats and realleges its previous allegations as though fully set forth at length herein.

45. Defendants have separately received various benefits from Plaintiffs without payment and are liable for the reasonable value of those benefits.

46. NPNYC has been unjustly enriched through Amazon Payments received for good sold by Nasima that NPNYC never paid for.

47. NPNYC has been further unjustly enriched through the unlawful use of nasimaperfume.com, a website that uses Nasima's physical address as a basis to convince Amazon that NPNYC is a legitimate business.

48. Nasima Holding Inc. has been unjustly enriched through monies received from Plaintiff Shamima used to purchase the Rahway Property.  Nasima Holding Inc. has never acknowledged the investment made by Shamima, has never paid Shamima her share of the rental proceeds, and has never reimbursed Shamima (if Shamima's investment is deemed a loan).

49. Faisal has been unjustly enriched because each of the foregoing instances of unjust enrichment benefit companies wholly owned by him.

WHEREFORE, Plaintiff hereby demands that judgment be entered against Defendant, awarding compensatory and punitive damages, costs, attorneys' fees, and such other relief as the Court may deem just and equitable.

## SIXTH CLAIM FOR RELIEF

### PIERCING THE CORPORATE SHIELD

50. Plaintiff repeats and realleges its previous allegations as though fully set forth at length herein.

51. Defendant Faisal is liable for the conduct and debts of both Defendants NPNYC and Nasima Holding Inc. because he has pervasive control over the companies,

has commingled funds between the companies, and he established both companies to perpetrate fraud against the Plaintiffs, Amazon, and the general public.

WHEREFORE, Plaintiffs demand judgment holding Defendant Faisal Israil personally liable for the debts and activities of Nasima Perfume NYC Inc. and Nasima Holding Inc., punitive damages, costs of suit, and such other relief as the Court may deem just and proper.

                                        **AGHA & AGHA LLP**

BY:  /s/Saif M. Agha
       Saif M. Agha, Esquire (SA-4432)
       Agha & Agha, LLP
       7 St. Rte. 27, Suite 214
       Edison, NJ 08820
       saif@aghalaw.com
       732.662.7532 (t)
       732.662.7534 (f)
       917.617.2435 (c)
       Attorneys for Plaintiffs

Dated: October 27, 2023